1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| BRIAN ALLEN SCHALIK,<br><br>                                   Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                                   Defendant. | Case No.:  16-CV-2059 W (KSC)<br><br>**ORDER GRANTING MOTION TO PROCEED IFP [DOC. 2] AND REFERRING TO MAGISTRATE FOR REPORT & RECOMMENDATION** |

11
12
13
14
15
16
17
18

On August 16, 2016, Plaintiff Brian Allen Schalik ("Plaintiff") filed a complaint seeking review of the denial of his claim for disability insurance benefits under the Social Security Act.  Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis ("IFP") [Doc. 2].

19
20
21
22
23

## I.    INTRODUCTION

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to

24
25
26
27

1

1   exercise its sound discretion in determining whether the affiant has satisfied the statute's

2   requirement of indigency.").

3        It is well-settled that a party need not be completely destitute to proceed in forma

4   pauperis.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).  To

5   satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which

6   states that one cannot because of his poverty pay or give security for costs ... and still be

7   able to provide himself and dependents with the necessities of life."  Id. at 339.  At the

8   same time, however, "the same even-handed care must be employed to assure that federal

9   funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor

10  who is financially able, in whole or in material part, to pull his own oar."  Temple v.

11  Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

12       District courts, therefore, tend to reject IFP applications where the applicant can pay

13  the filing fee with acceptable sacrifice to other expenses.  See, e.g., Stehouwer v. Hennessey,

14  851 F.Supp. 316, (N.D.Cal. 1994), vacated in part on other grounds, Olivares  v. Marshall, 59

15  F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring

16  partial fee payment from prisoner with $14.61 monthly salary and $110  per month from

17  family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially

18  permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900

19  settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma

20  pauperis application denied: "plaintiff possessed savings of $450 and the magistrate

21  correctly determined that this amount was more than sufficient to allow the plaintiff to pay

22  the filing fee in this action.").  Moreover, the facts as to the affiant's poverty must be stated

23  "with some particularity, definiteness, and certainty."  United States v. McQuade, 647 F.2d

24  938, 940 (9th Cir. 1981).

25       Having read and considered the papers submitted, the Court finds that based on the

26  current record, Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915.

27  According to his declaration, Plaintiff does not have sufficient income to support himself,

and is borrowing money from his parents to cover his living expenses.  (*See IFP App.* [Doc. 2] ¶ 1.)  Plaintiff has also shown that he does not currently have any possessions of significant value.  (*Id.* ¶ 5.)  Therefore, Plaintiff's IFP motion is **GRANTED**.

## II.    CONCLUSION & ORDER

For the reasons addressed above, the Court **GRANTS** Plaintiff's motion to proceed IFP [Doc. 2].  In light of the Court's ruling on the IFP motion, the Court orders as follows:

1.    The United States Marshal shall serve a copy of the Complaint filed on August 16, 2016 and an accompanying summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.

2.    Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

Additionally, the Court hereby REFERS all matters arising in this case to United States Magistrate Judge Karen S. Crawford for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(c ).

If the parties seek to file motions, they shall contact the chambers of Judge Crawford to secure scheduling, filing, and hearing dates.  All motion(s) for summary judgment must be filed and served no later than 120 days after the Government files its answer.

**IT IS SO ORDERED**.

Dated:  August 24, 2016

_____
Hon. Thomas J. Whelan
United States District Judge

3